# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MIKE HENRY ROLLINS, #271687,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:16-cv-0849** |
| | ) | **JUDGE CRENSHAW** |
| **CORRECT CARE SOLUTIONS and** | ) | |
| **MONTGOMERY COUNTY,** | ) | |
| **TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Mike Henry Rollins, an inmate of the Montgomery County Jail, brings this *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. No. 1.) The complaint is before the Court for an initial review under the Prison Litigation Reform Act ("PLRA"). Also pending is Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2).

Because, as discussed below, Plaintiff has three "strikes" under 28 U.S.C. § 1915(g), he cannot proceed without prepayment of the full filing fee unless he is in imminent danger of serious physical injury. Even if Plaintiff is permitted to proceed *in forma pauperis*, the Court must also consider whether the complaint states a colorable claim under § 1993.

## I.    **Application to Proceed** *in Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") governs civil rights actions brought by prisoners. The PLRA grants prisoners *in forma pauperis* status under certain circumstances, *unless* the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted. . . .

28 U.S.C. § 1915(g). If the plaintiff has three prior cases meeting this standard—or, in other words, if the plaintiff has three "strikes"—*in forma pauperis* status will be denied unless the plaintiff alleges that he is under imminent danger of serious physical injury. Id.; Wilson v. Yaklich, 148 F.3d 596, 603–04 (6th Cir. 1998).

Plaintiff Mike Henry Rollins has previously filed at least three prior civil actions in this Court that were dismissed for failure to state a claim for which relief could be granted. See Rollins v. Fusion, No. 3:15-cv-00806 (M.D. Tenn. September 4, 2015); Rollins v. Williams, No. 3:15-cv-00785 (M.D. Tenn. July 30, 2015); Rollins v. Goble, 3:15-cv-00784 (M.D. Tenn. July 22, 2015). He is therefore subject to the § 1915(g) prohibition and may not proceed *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In that regard, Plaintiff alleges that he felt severe abdominal pain on two occasions, after which he discovered a "knot" that

felt like it had an air pocket in it but after further examination part of my intestines or something had breached the muscles in my stomach/sternum area (AKA – a hernia). I can push it in but it comes back out & it can possibly burst at any time & kill me.

(Compl., Doc. No. 1, at 5.) Plaintiff alleges that he has put in at least three "sick-call" slips, requesting medical attention, since April 15, 2016, but has still not been seen by any medical provider. He also alleges that he is in "constant pain." (Id. at 6.)

The denial of medical treatment can, under certain circumstances, satisfy the imminent danger requirement. See, e.g., Vandiver v. Vasbinder, 416 F. App'x 560, 563 (6th Cir. 2011) (alleged failure to treat diabetes and Hepatitis C); Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (alleged failure to treat hepatitis C); Jackson v. Jackson, 335 F. App'x 14, 15

(11th Cir. 2009) (pleading the denial of hernia surgery met the imminent-danger requirement). The Court therefore finds that Plaintiff's allegations, if true, support a finding that Plaintiff is in imminent danger of serious physical injury. Cf. Vandiver, 416 F. App'x at 587 ("[A]n individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated.").

The Court will therefore permit Plaintiff to proceed *in forma pauperis*.

## II.     Initial Review of the Complaint

### A.     *Factual Allegations*

Plaintiff is an inmate at the Montgomery County Jail. He brings suit against Correct Care Solutions ("CCS"), the entity that contracted with the jail to provide medical treatment to inmates, and against Montgomery County. As set forth above, Plaintiff complains about severe abdominal pain associated with a hernia, for which he has unsuccessfully sought medical treatment at the jail.

Plaintiff states that, despite submitting at least three "sick-call slips" since April 15, 2016, he has not been seen by any medical provider. Doc. No. 1, at 5.) Further, he claims that, as a matter of jail policy, inmates are not allowed to hand the nurses their sick-call slips. Instead, they have to put them in their cell doors or hand them to a deputy, so the inmates can never be entirely sure if or when the sick-call slips actually arrive at their intended destination. Plaintiff is therefore unsure whether the deputies to whom he has given his sick-call slips submitted the requests as required. Plaintiff alleges that he has told the nurses he is hurting, but they have told him to fill out a sick-call slip, which he has already done repeatedly, to no avail.

Plaintiff also alleges that he has "tested positive for the Hepatitis C virus," which he attributes to being required to clean the jail bathrooms using only food-service gloves, which he

contends do not protect him from diseases and bacteria to which he is exposed when cleaning the showers. (Id. at 6.) His repeated requests for "biohazard gloves" and "proper protection" while cleaning the showers were denied. (Id.) Plaintiff does not indicate that he has experienced symptoms related to Hepatitis C or requested treatment for the condition; rather, he appears to be concerned that he will not be able to pay for treatment once he is released from jail.

For relief, Plaintiff demands immediate medical treatment as well as monetary damages for "neglect, pain & suffering," payment for the cost of all future medical treatment related to the hernia and Hepatitis C, and that the jail be required to install a box in each pod in which the inmates will submit their sick-call slips and which are accessible only by the nurses. (Id. at 7.)

### B.    Discussion

Plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The only named Defendants in this action are CCS and Montgomery County. Both entities are legally "persons" acting under color of state law and subject to liability under § 1983. See, e.g., West v. Atkins, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (holding that "municipalities and other local

government units [are] included among those persons to whom § 1983 applies"). The question is whether Plaintiff's factual allegations, if true, establish that these entities are responsible for a deprivation of Plaintiff's constitutional rights.

Entities may not be held liable under § 1983 under a *respondeat superior* theory of recovery simply on the basis that they employ tortfeasors. Monell, 436 U.S. at 690. Instead, a municipality or other government entity can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality (or entity) and the alleged constitutional violation. Id. at 694; see also Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Thus, to establish § 1983 liability on the part of an entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993) (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by Frantz v. Vill. of Bradford, 245 F.3d 869 (6th Cir. 2001)).

In this case, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs. Because he has not actually been seen or treated by a specific medical provider with CCS, Plaintiff does not have the ability to attribute liability for that failure to a specific person. Rather, Plaintiff's allegations suggest that his injury—the lack of medical treatment for a painful hernia—is causally related to a jail policy, implemented by both CCS and Montgomery County, that prohibits inmates from submitting their sick-call requests directly to the nurses and instead requires them to give the slips to deputies who are supposed to but do not always submit them to the medical personnel. For purposes of this initial review, the Court finds

that Plaintiff has adequately identified a policy connected to the county's administration of the jail and to the medical provider, and that his injury—lack of medical treatment—was incurred because of execution of the policy. At this stage, the Court will permit Plaintiff's deliberate indifference claim relating to the lack of treatment for his hernia to proceed against both CCS and Montgomery County.

Plaintiff, however, fails to state a claim related to his alleged diagnosis with Hepatitis C. He does not allege that he suffers symptoms related to that condition or that he has sought medical treatment for it. Moreover, his assertion that he became infected with Hepatitis C as a result of wearing food-service gloves (instead of bio-hazard gloves) while cleaning the showers at the jail is speculative at best.

## III.    Conclusion

For the reasons set forth herein, the Court will grant Plaintiff's application to proceed *in forma pauperis* and will allow his claim related to the lack of treatment for his hernia to proceed.

An appropriate order is filed herewith.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE